## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Green, | ) | C/A No. 4:09-2835-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Debbie Huggins, in her individual capacity and | ) | |
| Alan Walters, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Introduction

Thomas Green ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C.

§ 1983 against the Clerk of Court and a Magistrate Judge for the Central Traffic Court of

Georgetown, South Carolina.[1]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

He alleges that the defendants violated his constitutional rights, and he seeks money damages.  The

complaint should be dismissed based upon immunity.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review

has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon

v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  The complaint *sub judice* has been filed pursuant to 28

U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e),
D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and
recommendations to the District Court.

paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on May 15, 2007, he received a traffic citation charging him with an "'Annual Inspection (Unit 1) Safety Violation of the Department of Public Safety Rules.'" (Compl. at p. 2)  Plaintiff seems to allege that the vehicle for which he received the citation was owned by Norman Larrimore of Larrimore Logging & Chipping Company, his former employer.  Allegedly, the citation charged the offense as a violation of Section 58-23-1120 and set a trial date for July 26, 2007.  *Id.*  Plaintiff alleges that on May 15, 2007, he personally delivered the citation to Norman Larrimore who explained to Plaintiff that Larrimore would pay the fine as stated on the citation because he was the owner of the vehicle.  *Id.*  On August 6, 2007, Plaintiff allegedly received a written notice from the traffic court in the United States mail informing Plaintiff that he was tried in his absence on the May 15, 2007, charge and found guilty.[2]  *Id.*

On or about August 16, 2007, Plaintiff placed in the United States mail a motion to dismiss to defendant Huggins' office for filing purposes.  *Id.*  Plaintiff alleges that defendant Huggins is the Clerk of Court for the Central Traffic Court of Georgetown, South Carolina.  (Compl. at p. 1)  On August 18, 2007, Plaintiff received a letter from defendant Walters informing Plaintiff that he missed the deadlines to file a motion for new trial and notice of appeal and thus the verdict stands.  (Compl. at p. 2)  Plaintiff alleges that defendant Walters is a Magistrate Judge for the Central Traffic Court

---

[2] In the complaint, Plaintiff references many documents as exhibits to the complaint.  However, Plaintiff did not attach any exhibits to the complaint filed in this court.  For the purposes of this Report and Recommendation and giving liberal construction to the pleadings, the court assumes that Plaintiff has each document and that each document is what he represents it to be.

of Georgetown, South Carolina. (Compl. at p. 1) On August 24, 2007, Plaintiff placed in the United States mail a notice of appeal to defendant Huggins' office for filing purposes. (Compl. at p. 2) On August 29, 2007, Plaintiff received a letter from defendant Walters informing Plaintiff that his notice of appeal was untimely and thus the verdict is final. *Id.*

Plaintiff alleges that both defendants intentionally withheld notifying Plaintiff that he had been convicted of the traffic citation on July 26, 2007, until after the time for filing a motion for new trial and notice of appeal had passed. Plaintiff alleges that the defendants violated his constitutional rights to due process, equal protection, and to petition the courts for redress of grievances. Plaintiff seeks compensatory and punitive damages.

<u>Discussion</u>

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff in this case may have alleged a cognizable cause of action pursuant to § 1983, defendant Huggins has absolute quasi-judicial immunity from this lawsuit and defendant Walters has judicial immunity from this lawsuit. Immunity presents a threshold question. *See*

*Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). Notably, "[t]he clerks of court are also entitled to immunity the same as judges when performing their duties." *Zimmerman v. Spears*, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977). *See e.g., Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (noting that clerks of court who mailed transcripts to a prisoner or failed to provide requested transcripts were entitled to quasi-judicial immunity because those actions were truly judicial acts). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, No. 05-7769, 2006 WL 1344807 (4th Cir. May 17, 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)).

In this case, defendant Huggins is alleged to have intentionally withheld notifying Plaintiff that he had been convicted of the May 15, 2007, traffic citation on July 26, 2007, until after the time for filing a motion for new trial and notice of appeal had passed. Huggins' misconduct related to a delay in notifying Plaintiff about the verdict in his case filed in traffic court. Those allegations are integrally related to the judicial process. The defendant's alleged conduct was performed within her Clerk of Court job responsibilities of handling the filing of cases and sending notices related to cases.

Therefore, defendant Huggins should have immunity from suit. The doctrine of absolute judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, ... and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992).

Defendant Walters is alleged to be a Magistrate Judge for the Central Traffic Court of Georgetown, South Carolina. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Defendant Walter's writing letters to Plaintiff related to Plaintiff's traffic court conviction and post-trial deadlines would

have been part of his normal judicial functions as a magistrate judge and the correspondence related to a case apparently pending before Judge Walters. His actions about which Plaintiff complains were not taken in the clear absence of all jurisdiction. Thus, defendant Walters should be summarily dismissed.

Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process based upon immunity. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).


 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 10, 2009
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).